**John P. Kane, Appellee, v. Indiana Harbor Belt Railroad Company, Appellant.**

**Gen. No. 21,869.    (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 10, 1916.

### Statement of the Case.

Action by John P. Kane, Plaintiff, against Indiana Harbor Belt Railroad Company, defendant, on account of injuries sustained by plaintiff in a fall from a high platform which he alleged was caused by negligence of defendant in leaving crushed or slush ice on the platform, causing him to slip and fall. From a verdict and judgment for plaintiff, defendant appeals.

The platform was about 760 feet long and 16 feet wide. It was a "double-decker" with a sheet-iron or tin roof. The upper deck was about 21 feet from the ground. At each end was a cluster of lights, and under instructions these were lighted only when icing cars. Railroad tracks ran parallel to this platform on both sides. Crushed ice was prepared in the ice house, then brought over the platform to the cars and from the upper deck it was placed in cars carrying beef and poultry. One crew under a foreman did the work in daytime, and another crew at nighttime. Orders were given to each crew when the work was finished to clean up all spilled or loose ice. Instructions from the foreman were that whenever there was any slush ice or solid ice spilled on the platform it must be immediately picked up, placed in a full car that might be standing along there; that if there was no full car standing there to throw it into one empty; that if there was no empty car there to shovel it off on the ground, and not to allow it to lay on the plat-

form. In February, 1912, when the accident occurred, plaintiff did clerical work around the ice house, assisted the watchman and assisted the night crew in icing cars. Upon the night of the accident no cars were iced. Plaintiff was assisting the watchman, and in the performance of this duty he walked over the top platform at least three times during the night to pull the night watchman's clock and at these times he walked along the south side of the platform. On the next trip, which was his last, he walked along the north side, and stepped into slush or crushed ice which had been left there by the day crew. He did not know it was there and on account of the darkness did not see it. It caused him to slip and he fell off the platform down to the railroad track, receiving severe injuries. Only once during the seven years he had worked there had he observed any slush ice left on the platform by the other crew; the instructions to remove this ice had been followed with only one exception for many years.

Glennon, Cary, Walker & Howe, for appellant; Sidney C. Murray, of counsel.

Stedman & Soelke, for appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 682*—*when evidence sufficient to sustain finding that servant was employed about an ice house and platform used in icing cars.* In an action against a railroad company for injuries received by an assistant watchman as a result of slipping on loose ice on a platform used in loading ice in refrigerator cars, *held* that the jury could reasonably believe that plaintiff was employed in and about an ice house and icing platform used for icing cars.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. MASTER AND SERVANT, § 689*—*when evidence sufficient to sustain finding that presence of ice on platform used in icing cars unusual.* In an action against a railroad company by an assistant watchman who was injured while on a tour of inspection at night as a result of slipping on loose ice on a long and high unlighted platform used in icing refrigerator cars, evidence *held* sufficient to sustain a finding that the presence of ice on the platform was an unusual and extraordinary occurrence.

3. MASTER AND SERVANT, § 333*—*when assistant railroad watchman does not assume risk of injury from ice on platform used in icing cars.* An assistant railroad watchman who is making a tour of inspection at night, and in the course of his duties, passes over a high, unlighted platform used in icing refrigerator cars, does not assume the risk incident to the presence of crushed ice at such time, it appearing that such presence of ice is unusual and extraordinary.